WHEELER v. WERNER et al.

(Supreme Court, Special Term, Erie County.   February, 1910.)

CORPORATIONS (§ 243*)—LIABILITIES OF STOCKHOLDERS.

> Under a statute making corporate stockholders liable for the face value of his stock to the corporation or its receiver, the person in whose name stock stands on the corporate books is liable, though another is the actual owner, and a discharge, on a partial payment by the receiver of the corporation, of such actual owner, who also owned other shares of stock which stood in his name, does not also discharge such record owner.
>
> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 943–959; Dec. Dig. § 243.*]

Action by Albert J. Wheeler, as receiver, against Paul Werner and others, to recover on stockholders' liability.   Judgment for plaintiff.

Thomas C. Burke, for plaintiff.
Adon Crosby, for defendants.

BROWN, J.   Defendant Werner was a stockholder of record of 1 share of the capital stock of the German Bank, of the par value of $1,000.   Arthur E. Appleyard was the owner in fact of such stock, and of over 50 shares in addition thereto.   By statute a stockholder is liable for the face value of his stock to the corporation or its receiver. The plaintiff was authorized by order of this court to accept from Elizabeth B. Seaborn the sum of $1,000 in full settlement of any and all liability of Arthur E. Appleyard as a stockholder of the bank, and directed to execute and deliver to Appleyard a receipt for such sum, to be applied by the plaintiff in full settlement and satisfaction of any judgment which he might recover against Appleyard upon his stock liability, such receipt to be in such form as the plaintiff might be advised.   On July 10, 1908, the sum of $1,000 was paid the plaintiff, and he thereupon executed and delivered to Appleyard a paper acknowledging the receipt of such moneys, stating therein that it was—

"to be held by me as such receiver, and applied by me in full satisfaction of any judgment which I, as such receiver, * * * may recover in an action * * * wherein I am plaintiff and said Appleyard and others are defendants, and which said action is brought to enforce the personal liability of the stockholders of the German Bank; and I hereby reserve the right to prosecute said action to judgment, as well against the said Arthur E. Appleyard and as against all other parties defendants therein, and nothing herein contained shall be considered or construed in any way as a release of said cause of action to enforce said individual liability of stockholders, either as against the said Arthur E. Appleyard or as against the other parties defendants in said action, and said cause of action and the right to prosecute same is hereby reserved and retained."

This action was prosecuted to judgment, and judgment taken by default against defendant Werner for $1,000.   By order this default was opened, and defendant answered, alleging that the settlement of the stockholder's liability of Appleyard for and on account of the stock in name of defendant Werner was a discharge of all liability on account of that stock.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is claimed by the plaintiff that the cause of action against defendant Werner having been reserved at the time of the acceptance of the $1,000 on account of Appleyard's liability of over $50,000 preserves his remedy against this defendant. It is the contention of defendant that, the stock standing in the name of Werner, Appleyard being the true owner, Appleyard was the principal debtor for the stockholder's statutory liability, and that Werner was simply a surety that Appleyard would pay that liability; that, the plaintiff having discharged Appleyard from all liability, defendant Werner's right of recourse to Appleyard for plaintiff's claim has been lost; and that plaintiff cannot recover against him.

It is very doubtful whether Werner can be considered in the light of a surety for Appleyard. The fact is that that share of stock could only be assessed once for its face value. The stock was owned in fact by Appleyard. The plaintiff had a claim aganist Appleyard for $1,000 by reason of such fact. Appleyard paid about $10 to discharge his liability upon such claim. Did that payment discharge the liability of defendant Werner? The statute provides that where a person, without any interest to evade his liability as a stockholder, transfers his stock on the books of the bank when solvent to any resident of this state, etc., he may be relieved from liability, etc. Defendant Werner has not established any of the items necessary for him to escape liability as provided by statute. He simply claims that by reason of the fact that the stock standing in his name on the books of the bank at the time the bank was insolvent was owned by Appleyard, and because Appleyard paid the plaintiff $1,000 upon a claimed liability of about $50,000, and was released from further liability by reason of being owner of about 50 shares of stock, that such release discharges him, the defendant.

The receiver was only authorized by order to discharge Appleyard. It is difficult to see how defendant Werner was surety for Appleyard's liability to plaintiff. Werner was record holder of stock. He was liable for the face of such stock to plaintiff. Appleyard was owner in fact of such stock, and he might be, and possibly was, liable for the same debt, and if Appleyard had paid the full $1,000 undoubtedly Werner would have been discharged. Plaintiff's claim against defendant Werner depends, not on who was in fact the owner of the stock, but upon the simple fact that it stood in the name of Werner and had not been transferred on the books of the bank when the bank was solvent. As between Werner and Appleyard it may be important to inquire who was the owner in fact; but as between plaintiff and Werner no such question seems to be material.

Plaintiff having received from Appleyard the sum of $10 on account of the Werner stock, that sum must be credited to Werner, and plaintiff is entitled to judgment for $990, together with costs to be taxed.